Lucina CHAVIRA GONZALES,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18148.

United States Court of Appeals
Ninth Circuit.

Feb. 26, 1963.

Rehearing Denied May 1, 1963.

Ruffo Espinosa, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, and Richard A. Murphy, Asst. U. S. Atty., Asst. Chief, Crim. Section, Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Appellant stands convicted of the sale of and conspiracy to sell heroin in violation of 21 U.S.C. § 174. On November 29, 1961, she with three others was indicted by the Federal Grand Jury for the Southern District of California, Central Division. One of the defendants remained fugitive. The three others pleaded not guilty. Following a jury trial, one defendant was acquitted. Appellant and one other were found guilty as charged, and on May 13, 1962, were duly sentenced.

Appellant, now represented by new counsel, asserts error in several respects, as to none of which was objection made during trial.

Appellant asserts that tape recordings of telephone conversations played by the government in rebuttal were inadmis-

**752**

sible as evidence both for lack of foundation and as being barred by 47 U.S.C. § 605. The precise mechanical method by which the conversations were overheard and transcribed does not appear from the record. The conversations were between appellant and a special government employee and were overheard and recorded with that employee's consent.

▮ In the trial court, not only did appellant fail to object to the introduction of the tapes, but her counsel expressly stated that no objection was had. The court did not abuse its discretion in determining that a sufficient foundation had been laid for the tapes, since both the government employee and the machine operator had testified to their accuracy. See Brandow v. United States, 9 Cir., 1959, 268 F.2d 559. Furthermore, we are satisfied that under our views as expressed in Carbo v. United States, 9 Cir., 1962, 314 F.2d 718, and the authorities there cited and quoted, appellant's contention that the recording constituted unlawful interception is without merit.

▮ The court permitted the jury to have the reporter's transcript of the recordings, based upon the court interpreter's translation. Appellant asserts that this was error since the transcription does not specify who was speaking at any point in the conversations. It was reasonable to assume, however, that the jury could separate the speakers by reference to what was said and through recollection of the recording as played during trial only three days earlier.

Appellant and the two other defendants on trial had all retained the same attorney. Appellant here asserts that since she did not have independent counsel her rights were not adequately represented.

▮ The record does not bear this out. In no respect was there any conflict of interest between the defendants. In no respect did their individual defenses run afoul of each other. Neither of the other two defendants implicated appellant.

One, in fact, gave testimony that supported part of her story. Compare Hayman v. United States, 9 Cir., 1950, 187 F.2d 456, 459–461 (vacated on other grounds, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232). There is no indication from the record that appellant's counsel did not give to her defense the attention it required. His closing argument stated a separate defense theory for each defendant and at no time associated appellant with the other two on trial.

▮ Appellant asserts that since she speaks only Spanish and her attorney did not speak that language she was unduly hampered in her defense by not having her own interpreter. An interpreter was provided for the defense whom appellant shared with the other defendants. At the moment which she apparently regards as crucial to her own defense—the moment when the tapes were played to the jury—the interpreter was present and available to assist appellant and her counsel in communication with each other. We fail to see how an additional interpreter would at this point have added anything but confusion.

▮ Appellant asserts that the defense of entrapment was apparent from the facts and that failure to instruct upon it was plain error. We disagree. This defense was never asserted. It was inconsistent with appellant's defense which was that she had no connection whatsoever with narcotics traffic. See Brown v. United States, 9 Cir., 1958, 261 F.2d 848, 850. No instruction having been requested, it was proper not to instruct upon this point. Cellino v. United States, 9 Cir., 1960, 276 F.2d 941.

▮▮ Appellant asserts that the jury should have been instructed to acquit in the event it found that she had acted merely as agent for the buyers; also that it was error to instruct that constructive possession was equivalent to possession under the governing statute. Here, again, there was failure to comply with Rule 30, F.R.Crim.P., in failing to request the first and object to the second.

Affirmed.