■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE QUICK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 14, 1966, convicting him of assault in the first degree, assault in the second degree (2 counts) and possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, to the extent of reversing the conviction and sentence upon, and dismissing, the eighth count, charging possession of weapons and dangerous instruments and appliances as a felony. As so modified, judgment affirmed. The findings of fact implicit in the verdict of the jury are affirmed. The charges against appellant and three codefendants, allegedly acting in concert, arose out of the shooting of an off-duty

police officer with his own revolver. The jury could have found from the testimony that appellant assaulted the officer with a knife, that the officer shot appellant, that in the melee which ensued the officer's revolver was wrested from his hand, and that while the officer was being held by appellant and another, the officer was shot by a codefendant, Eden, who then carried the weapon away and secreted it in his home. It is our opinion that, on those facts, the eighth count should not have been submitted to the jury as against appellant. Under the proof, that count was applicable to appellant only insofar as he was connected with the disarming and shooting of the officer. The possession of the revolver was merely incidental to and part of that crime — assault in the first degree; and the facts fail to show the commission by appellant of the separate and independent crime charged in the eighth count. However, appellant's guilt on the other counts upon which he was convicted was established beyond a reasonable doubt. Appellant was not deprived of the effective assistance of counsel. Although he and two codefendants were represented by the same retained counsel, we find no conflict of interest among the three defendants and no showing that appellant's interests were prejudiced by such joint representation (cf. *United States* v. *Dardi,* 330 F. 2d 316, 335, cert. den. 379 U. S. 845; *Lugo* v. *United States,* 350 F. 2d 858, 859; *United States* v. *Paz-Sierra,* 367 F. 2d 930, cert. den. 386 U. S. 935). "In no respect did their individual defenses run afoul of each other. Neither of the other two defendants implicated appellant" (*Gonzales* v. *United States,* 314 F. 2d 750, 752). On the record presented, the trial court was not under a duty to inform appellant of his right to separate representation by counsel and was not required to make an affirmative determination of a waiver of such right (*United States* v. *Paz-Sierra, supra*). The use by the People of an exculpatory statement made by appellant, solely for the purpose of impeaching his credibility, was proper (*People* v. *Kulis,* 18 N Y 2d 318; *People* v. *Dixon,* 27 A D 2d 740). Since the statement was not offered in evidence by the People and its voluntariness was never in issue, a *Huntley* hearing (*People* v. *Huntley,* 15 N Y 2d 72) was not required (*People* v. *McQueen,* 18 N Y 2d 337); and, since the trial antedated *Miranda* v. *Arizona* (384 U. S. 436), the warnings mandated by that case were unnecessary (*People* v. *McQueen, supra*). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.