MANN, Judge.
The appellant and his six co-defendants felt very strongly that certain officials and police officers of the City of St. Peters-burg are insensitive to their dignity as human beings and their rights as American citizens. They felt also that a mural which for years adorned City Hall was offensive in caricaturing the Negroes painted thereon, so on December 29, 1966 the appellant Joseph Wall joined Joseph Waller, Jr. in ripping the mural from the wall and carrying it away.
Depending upon the intent of the accused, that act might constitute grand larceny, as we held in Waller v. State, Fla.App., 213 So.2d 623 (opinion filed August 28, 1968).
Wall complains that he and Lemuel Green, one of the four co-defendants who were acquitted, shared counsel contrary to the requirements of the law declared by the Supreme Court of Florida in Baker v. State, 202 So.2d 563 (1967), and that he may raise the question here although it was not raised below. We held in Dunbar v. State, Fla.App., 214 So.2d 52 (opinion filed September 18, 1968) that the question is fundamental and may be raised initially *385 on appeal, but that a showing of prejudice must be made. But here there is no such showing, so we must rule against Wall on this point. Of course, it would be sound practice for the trial judge to give a Miranda-like warning about the possibility that inconsistent defenses, evidence or trial tactics might prejudice defendants jointly represented, since the public defender may have a subconscious desire not to multiply his work. And we have not yet dealt with the question whether separate counsel from the same defender’s office may be assigned to represent different defendants. These questions await the working out of a sound policy which will respect the rights of the accused without imposing rules on the trial courts which will hamper rather than aid in the administration of justice.
Wall was entitled, however, to be tried separately from Waller and made a timely motion for severance. Grand larceny is the most serious charge that could be brought on these facts. It is a case in which the property is not something which the defendants could either use or sell, and as a consequence their intent to deprive the mural’s owner, the City of St. Peters-burg, permanently takes on a special significance. Severance might not have been justified if the charge had been one in which the act alone were culpable regardless of intent.
Joseph Waller was the acknowledged leader of the group. Articulate and militant, he asserted the duty of occasional civil disobedience and his counsel’s conduct of Waller’s defense was as if Waller had counterclaimed against society in general. Wall, in contrast, was subdued. Their intent at the time of this occurrence was not necessarily the same and the atmosphere of the trial made Waller the central figure. This cause should be reversed for a new trial. Suarez v. State, 95 Fla. 42, 115 So. 519 (1928).
Reversed and remanded.
LILES, C. J., and PIERCE, J., concur.