MANN, Judge.
On direct appeal of their convictions for grand larceny the Public Defender raised only the question of sufficiency of evidence, and this court, finding the evidence sufficient, affirmed. They now appeal the denial of petitions under Fla.R.Crim.P. 1.850, 33 F.S.A.
The instruction on unexplained possession of recently stolen property held erroneous in Gamble v. State, 210 So.2d 238 (Fla.App.1968) was given but not objected to by the defender, so that point is lost.
The defender likewise made no objection to the assignment of the same attorney to represent both defendants. This is fundamental error which may be raised initially on Rule 1.850 petition, but does not apply to cases like this one tried before Baker v. State, 202 So.2d 563 (Fla.1967) was decided. Dunbar v. State, Fla.App., 214 So.2d 52, opinion filed September 18, 1968.
Thus the order in the case of Spivey must be affirmed.
*87 Gelis raises an additional question. Spivey gave a statement about his own involvement in the matter which was admitted at trial but which would have been inadmissible against Gelis if he had been tried alone. The argument that a severance should have been granted Gelis, although the defender again neglected to request it, is well founded on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which was held in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) to apply retroactively. See also Wall v. State, Fla.App., 214 So.2d 384, opinion filed October 2, 1968.
The order in Gelis’ case is reversed and remanded for further proceedings not inconsistent with this opinion.
LILES, C. J., and PIERCE, J., concur.