### Application of Larry BUFFALO CHIEF for a Writ of Habeas Corpus.
#### Civ. No. 68–109S.

United States District Court
D. South Dakota, S. D.
April 15, 1969.

Clinton G. Richards, Deadwood, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for Warden of South Dakota State Penitentiary and for the State of South Dakota.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a ruling on an application of Larry Buffalo Chief for a writ of habeas corpus pursuant to Title 28, Secs. 2241 and 2254 of the United States Code. A hearing was held on November 13, 1968, at which the petitioner appeared in person accompanied by his attorney, Clinton G. Richards. Assistant Attorney General Walter W. Andre appeared for the State of South Dakota. Having heard the testimony of witnesses Roubideaux and Buffalo Chief and the arguments and authorities cited by counsel for both sides, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The petitioner, Larry Buffalo Chief, is a citizen of the United States, and is presently imprisoned and restrained of his liberty and detained under the color of authority of the State of South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota Penitentiary at Sioux Falls, South Dakota, in this district.

2. The claim and authority of which the petitioner is restrained of his liberty is a Judgment and Sentence of the Circuit Court in and for the County of Lawrence, South Dakota, rendered on April 21, 1966, by virtue of the removal of the case to that court from the Circuit Court in and for Pennington County, the county of the location of the alleged crime.

3. The petitioner was tried jointly in said Circuit Court with one Leon Gayton on a charge of murder, both men being represented by the same counsel. As a result of said trial, the jury returned a verdict of guilty of first degree manslaughter, and the petitioner was sentenced to serve twenty-five years in the South Dakota State Penitentiary.

4. During the trial, the testimony of State's witness Osborne indicated that the three men who were surrounding and kicking the victim, C. F. Thorn, were dressed as follows: (1) one wearing a white shirt, (2) one wearing a light-colored shirt, and (3) one wearing a short-sleeved shirt. (Settled Record p. 454). At the time of this altercation, petitioner, Buffalo Chief, was wearing a

dark-colored coat or jacket (Settled Record p. 584 and Defendant's Exhibit B).

5. The testimony of State's witness Osborne would tend to exclude petitioner from the kicking of Thorn, but would also further implicate co-defendant Leon Gayton in the kicking. Since both defendants were represented by the same counsel, a conflict then arose which in the absence of requesting a mistrial—which request was not made—prevented counsel from adequately utilizing Osborne's testimony in the defense of petitioner.

6. In its January 24, 1968, opinion in State v. Buffalo Chief, 155 N.W.2d 914, the South Dakota Supreme Court considered the petitioner's main contention before this Court today: the right to the effective assistance of counsel guaranteed by Amendment VI of the United States Constitution, claiming that the defendants had conflicting interests yet were represented by the same counsel. The contention was rejected by that Court and the petitioner's conviction was affirmed.

## CONCLUSIONS OF LAW

1. The petitioner has sufficiently exhausted his state remedies to be properly before this Court. The failure of petitioner to exhaust currently available state post-conviction remedies is inapplicable because the precise point petitioner relies on here has been presented to the Supreme Court of South Dakota and decided adversely to the petitioner on the merits. "(T)he doctrine of exhaustion of remedies does not require repeated attempts through a postconviction remedy. Coleman v. Maxwell, 351 F.2d 285, 286 (6th Cir. 1956)." McCreary v. Sigler, August 22, 1968, United States Court of Appeals, Eighth Circuit.

2. The possibility of harm by a conflict of interest is sufficient to render a conviction invalid. "It is not necessary that Sawyer (a co-defendant) delineate the precise manner in which he has been harmed by the conflict of interest; the possibility of harm is sufficient to render his conviction invalid." Sawyer v. Brough, 358 F.2d 70, 73 (4th Cir. 1966).

3. The degree of prejudice incurred by a co-defendant denied the effective assistance of counsel because of a conflict of interest is not a factor in the determination of the violation of that right.

To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart (Glasser's counsel) as counsel for Kretske is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. Glasser v. United States, 315 U.S. 60, 75–76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942).

4. The fact that both co-defendants personally retained the same counsel does not alone preclude them from the later claim of denial of effective assistance of counsel arising from a conflict of interest. Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965).

5. In accordance with the above authorities, it is the conclusion of this Court that petitioner was denied due process of law, specifically his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the United States. This is the result of petitioner's counsel's inability to effectively utilize State's witness Osborne's testimony without further implicating his other client, co-defendant Gayton.

6. Petitioner is now being unlawfully imprisoned and restrained under the Judgment of said State Court in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

7. The petition for a writ of habeas corpus is hereby granted, and it is hereby ordered that the said Larry Buffalo Chief shall be released unless retried within ninety (90) days from the date of

this memorandum decision or within ninety (90) days from the mandate received from the Eighth Circuit Court of Appeals in the event of an appeal by the State of South Dakota resulting in an affirmance of this decision.