454 P.2d 196

**STATE of Arizona, Appellee,**

v.

**Clifton COLEMAN and Robert McDonald, Appellants.**

**Nos. I CA–CR 177, I CA–CR 181.**

Court of Appeals of Arizona.

April 29, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Wade Church, Phoenix, for appellants.

CAMERON, Judge.

The defendants were each found guilty of two offenses of writing checks on no account, A.R.S. § 13–316. From the verdicts and judgments they bring this appeal.

Although the defendants have presented other questions for review, we feel it necessary to consider only whether, under the particular facts of this case, the defendants were denied a fair trial because they were both represented by the same attorney.

Defendant Coleman was apprehended and after interrogation orally confessed to facts which implicated the defendant McDonald and which generally showed a common scheme on the part of both defendants to use McDonald's check blanks to pass checks on an account which had been closed after a number of overdrafts. The State presented the police officer who questioned Coleman regarding the crime and both Coleman and McDonald testified on their own behalf. Coleman denied he made the statement which incriminated McDonald (and constituted a confession as to Coleman).

In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Evans and Bruton were jointly tried on a federal charge of armed postal robbery. At the trial a postal inspector testified to Evans' oral confession that Evans and Bruton had committed the robbery. Evans did not testify at the trial. The United States Supreme Court stated that the jury was instructed:

> "* * * [T]hat although Evans' confession was competent evidence against Evans it was inadmissible hearsay against petitioner and therefore had to be disregarded in determining petitioner's guilt or innocence." Bruton v. United States, supra, 20 L.Ed.2d 476, 478.

They were both convicted, but Evans' conviction was set aside by the U. S. Court of Appeals on other grounds. The conviction of Bruton was affirmed by the Court of Appeals for the reason that the instructions requiring the jury to disregard Evans' confession complied with the case of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). The Supreme Court of the United States reversed the Bruton conviction stating:

> "We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the

Sixth Amendment." Bruton v. United States, supra, 391 U.S. 123, 126, 88 S.Ct. 1620, 1622, 20 L.Ed.2d 476, 479.

The United States Supreme Court has stated that Bruton, supra, applies retroactively. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968):

> "* * * The retroactivity of the holding in Bruton is therefore required; the error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination' of his guilt or innocence."

The case before this Court was tried before Bruton, supra, was announced, but because of Bruton's retroactivity we believe that the rationale in Bruton is applicable to this case and that a new trial must be granted.

Admittedly, the facts in Bruton are dissimilar from the facts herein in that the defendant who made the oral confession did take the witness stand. Nevertheless, we feel that since both defendants were represented by the same attorney there was no opportunity for effective confrontation or effective cross-examination. After the oral confession of Coleman was admitted in evidence, the attorney for the defendants had conflicting choices. If he kept Coleman from the witness stand so that he did not have an opportunity to cross-examine him for and on behalf of McDonald, then under the law as set down in Bruton, McDonald could not be convicted. When he put Coleman on the stand the attorney was faced with a possible conflict in the manner in which he examined Coleman as Coleman's attorney and cross-examined Coleman as McDonald's attorney.

Clearly, McDonald is entitled to a new trial under the facts in this case:

> "We also suggest that the defendants be tried separately if the State again intends to use Walker's oral statement. As related by the police, Walker's statement detailed the principal role played by Scott in the Campbell burglary. It was neither made in Scott's presence nor assented to by him and, despite warnings

by the court that it should be considered only as to Walker (as was done in the instant case), its use would be prejudicial error. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). See too, People v. Barbaro, 395 Ill. 264, 69 N.E.2d 692 (1946). The error in the present case from the use of Walker's statement inculpating Scott is not raised on appeal but this was a plain error of which we take notice (citations omitted) and is an additional reason why Scott's conviction must be reversed. The fact that Walker took the stand and that Scott had an opportunity to cross-examine him did not mitigate the error. Walker denied making the incriminating statement; confrontation was therefore meaningless and cross-examination would have been futile." People v. Scott, 100 Ill.App.2d 473, 241 N.E.2d 579, 583 (1968).

As to Coleman, we believe that because of the conflict in the duty of representation by the same attorney as raised by the retroactive application of *Bruton*, Coleman should be allowed a new trial as well. This is true even though no severance was asked for at the trial:

> "Gelis raises an additional question. Spivey gave a statement about his own involvement in the matter which was admitted at trial but which would have been inadmissible against Gelis if he had been tried alone. The argument that a severance should have been granted Gelis, although the defender again neglected to request it, is well founded on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which was held in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) to apply retroactively. See also Wall v. State, Fla.App., 214 So.2d 384, opinion filed October 2, 1968." Gelis v. State, Fla., 215 So.2d 86, 87 (1968).

■ We believe the better practice to be that where codefendants are to be tried jointly and it appears that one defendant has made a confession implicating the other which confession is to be admitted in evidence, each defendant should be represented by separate counsel even though the defendant has not specifically requested separate counsel. We expressly do not reach the question of whether codefendants, when tried jointly, may be represented by the same attorney where there is no possibility of a confession by one, implicating the other, being introduced in evidence —that would depend upon the facts in each case.

■ The conviction of both defendants must therefore be reversed and a new trial is ordered. In the event the prosecution wishes to use the confession of Coleman at the retrial, then a severance should be granted.

DONOFRIO, C. J., and STEVENS, J., concur.