UNITED STATES of America,
Plaintiff-Appellee,

v.

John David HORNE, Defendant-
Appellant.

No. 24033.

United States Court of Appeals,
Ninth Circuit.

March 27, 1970.

Luke McKissack (argued), Hollywood, Cal., for defendant-appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING and ELY, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Defendant and two other persons, Helen Shields and Major Cook, were charged in a four count indictment with knowingly importing heroin (Count I) and cocaine (Count II) from Mexico in violation of 21 U.S.C. § 174, conspiring to import the narcotics in violation of 21 U.S.C. § 173 (Count IV), and smuggling procaine into the United States without presenting it for inspection in violation of 19 U.S.C. §§ 1459, 1461, 1484, and 1485 (Count III).

Defendant and Mrs. Shields were tried together before a jury. Both were represented by the same retained counsel. At trial, the government introduced evidence that defendant drove the automo-

* Honorable William M. Byrne, Senior District Judge, Central District of California, sitting by designation.

bile in which the narcotics were found across the border, and that Mrs. Shields was a passenger. Defense counsel's motion to acquit Mrs. Shields on the ground that the evidence was insufficient to show she knew the narcotics were in the automobile was granted at the close of defendant's case as to all counts except Count IV, the conspiracy charge. The jury acquitted Mrs. Shields on the conspiracy count. Defendant was convicted on all four counts, and was sentenced to five years' imprisonment on each count, all sentences to run concurrently.

Defendant contends that he was denied effective assistance of counsel because he and Mrs. Shields were represented by the same attorney. The contention is without merit.

Initially, separate counsel were appointed to represent defendant and Mrs. Shields. Defendants chose, however, to be represented by a jointly retained attorney. At arraignment a judge of the court raised the question of possible conflict of interest, and was assured that there then appeared to be none and that if any conflict subsequently appeared it would be called to the court's attention. On the basis of these assurances the court relieved the appointed separate counsel and substituted retained joint counsel.

At a later hearing to set defendant's trial date, another judge of the district court again raised the question of a possible conflict of interest. He too was assured that no such conflict existed:

"THE COURT: You represent both?

DEFENSE COUNSEL: I do, your Honor.

THE COURT: No conflicts?

DEFENSE COUNSEL: No. I think there's a possibility that the Government may concede on Shields who was a passenger—to some new cases.

THE COURT: Well, I haven't seen anything new, but I would think there's always a conflict between a passenger and a driver.

DEFENSE COUNSEL: Well, I don't think there is in this instance, your Honor."

■■ As we pointed out in Kaplan v. United States, 375 F.2d 895, 897 (9th Cir. 1967), trial courts "must be able, and be freely permitted, to rely upon counsel's representations that the possibility of such a conflict does or does not exist." *See also* Duran v. United States, 413 F.2d 596, 599 (9th Cir. 1969); United States v. Armone, 363 F.2d 385, 406 (2d Cir. 1966). Moreover, we have examined the record and find nothing to contradict counsel's representations. "In no respect did their individual defenses run afoul of each other * * * [and] [t]here is no indication * * * that appellant's counsel did not give to [his] defense the attention it required." Gonzales v. United States, 314 F.2d 750, 752 (9th Cir. 1963).

■ Defendant also contends that the instruction that the jury might infer from proof of defendant's possession of the drugs that they were imported contrary to law and that defendant had knowledge of such unlawful importation denied him due process. The Supreme Court has held such an instruction proper in a prosecution under 21 U.S.C. § 174 involving heroin, Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (January 20, 1970); and since defendant's sentences are to run concurrently, we need not decide whether the instruction was proper as applied to the remaining charges. *See* Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

■ Defendant's final contention is that his conviction must be reversed because of two allusions by the prosecutor to the fact that defendant was a negro, the first during cross-examination of defendant and the second during closing argument. The first cannot be read fairly as a reference to defendant's race at all. The second ("And another thing I am tired of: Is [defense counsel] trying to let these people hide behind their race?") was directly pro-

voked by defense counsel's statement in summation urging the jury to "Remember first, that he is a Negro." It was improper, nonetheless. On the whole record, however, we cannot say that it affected defendant's substantial rights.

Affirmed.