**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William APPLEGATE, Defendant-Appellant.**

**No. 24322.**

United States Court of Appeals, Ninth Circuit.

April 29, 1970.

Richard Romano (argued), San Francisco, Cal., for appellant.

William C. Smitherman (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

This appeal raises a single question: Was the failure of the district court, on its own motion, to instruct the jury on defense of property, self-defense, or defense of a third person in an assault case "plain error * * * affecting substantial rights" within the meaning of Rule 52, F.R.Crim.P., under the facts of this case?

Appellant was charged and found guilty of assaulting Immigration Patrol Inspectors with a gun on two occasions when they approached his house in Cochise County, Arizona. On the first occasion the immigration officers testified that while in uniform and traveling in a marked car, they saw what appeared to be a Mexican run into appellant's house. The officers went onto the property and,

as they approached the house, appellant emerged with a shotgun pointed at the officers. After an exchange of unpleasantries between the officers and appellant's brother, who was outside the house when the officers approached, the officers left the premises. Appellant and his brother followed with their guns until the officers drove away.

On the second occasion two immigation officers, again traveling in a marked car, were fired upon by appellant as they drove past his house. Both shots missed the vehicle and later that day appellant was taken into custody.

At the trial appellant denied the assaults. He testified that on the first occasion he did not use a shotgun to evict the officers from his premises. As to the second assault, appellant claimed that he fired the gun into the air for the purpose of merely attracting the officers' attention. In addition, appellant presented evidence of his lack of sanity on the two occasions.

The district court instructed the jury as to all the elements necessary to an assault charge. In addition, an insanity instruction was given. No instruction relating to defense of property, self-defense, or defense of a third person was requested or given.

Counsel on appeal (not the same as trial counsel) asserts that the latter defenses were apparent from the facts and failure to give instructions upon them were plain error. We disagree. It is not at all clear that such an instruction, even if requested, should have been given under the facts of this case.

In any event, the defenses were inconsistent with appellant's assertion that he did not have a shotgun on the first occasion and was not trying to defend anything on the second. As such, the decision to forego the defenses may have been the well reasoned decision of trial counsel that their injection into the trial may only have confused the jury. See Chavira Gonzales v. United States, 314 F.2d 750, 752 (9th Cir. 1963).

Affirmed.