**STATE of Iowa, Appellee,**

v.

**Rodney Wayne GATEWOOD, Appellant.**

**No. 54026.**

Supreme Court of Iowa.

Sept. 2, 1970.

Russell J. Hill, Webster City, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Carroll Wood, County Atty., for appellee.

LeGRAND, Justice.

This matter raises only one assignment of error: whether defendant was denied due process of law and was deprived of effective assistance of counsel in violation of Amendments 5 and 6 to the Constitution of the United States because his court-appointed attorney also represented his alleged accomplice and was, therefore, unable to give defendant his undivided loyalty or to take advantage of certain circumstances which, while harmful to the accomplice, would have been beneficial to defendant.

Defendant was prosecuted under county attorney's information for the crime of breaking and entering in violation of section 708.8, Code of Iowa. He was alleged to have committed this crime with his brother-in-law, Mike Binder. These two young men were charged by separate informations. They were arraigned separately. Each plead guilty, and they were sentenced jointly, each being given a term of not more than ten years in the men's reformatory. During all these proceedings defendant and Binder were represented by Howard Myers.

Subsequent to sentencing, defendant asked for new counsel and William D. Guthrie was appointed to take this appeal for him. While the appeal was pending, Mr. Guthrie died and defendant is now represented by Russell J. Hill. All the attorneys named are members of the Iowa Bar practicing in Webster City, Iowa.

Before considering the question of effective assistance of counsel, we must decide a procedural matter. The State claims the appeal should be dismissed because defendant's Motion in Arrest of Judgment, which first raised this issue, was filed after notice of appeal was given. The State claims the trial court lost jurisdiction once the appeal was taken and that thereafter it had no authority to entertain or rule on the motion in arrest of judgment. It follows, according to the State, that there is nothing properly before us for review. State v. Johnson, 257 Iowa 1052, 1063, 135 N.W.2d 518, 525.

However, we dispose of defendant's claim on its merits as it raises a serious constitutional question which may be considered on direct appeal (State v. Karston, 247 Iowa 32, 72 N.W.2d 463); or in habeas corpus proceedings (Janvrin v. Haugh, Iowa, 171 N.W.2d 275); and now under our new post-conviction remedy statute by the provisions of Senate File 444, Sixty-third General Assembly, Second (1970) Session.

Since defendant is entitled to bring this issue before us in one way or another and since he has already had an evidentiary hearing on it, we see no purpose in dismissing the appeal, so that the same question may be presented in different form.

Defendant asserts he did not have effective assistance of counsel because Mr. Myers represented both defendant and his accomplice; that their interests were inimical; that defendant was entitled to separate counsel who was not hampered by loyalty to another; and that there was such a conflict of interest as to prevent Mr. Myers from rendering defendant that type of assistance which the constitution guarantees him.

As already pointed out defendant had an evidentiary hearing on this matter, and the trial court found against him. We believe this holding was correct.

Many courts, both state and federal, have considered the question of effective representation when counsel represents more than one person accused jointly in the commission of a crime. Obviously this situation raises serious problems for an attorney. The danger is that in properly representing one, he may find himself required to take steps harmful to the other. In that event he cannot render full and effective service to both, although he is obligated to do so.

We have recently dealt with this problem in State v. Karston, 247 Iowa 32, 36,

72 N.W.2d 463, 466, and in Janvrin v. Haugh, Iowa, 171 N.W.2d 275. In the Karston case we granted a new trial upon finding that a conflict of interest prevented counsel from giving Karston effective assistance. In the Janvrin case, where counsel represented four defendants all charged with commission of the same crime, we held there was not a denial of effective assistance of counsel because there was no conflict shown.

This is in harmony with the holding of courts generally that appointment of counsel to represent multiple defendants is not by itself a violation of the constitutional guarantee of effective assistance of counsel. There must also be a conflict of interest. 21 Am.Jur.2d, Criminal Law, section 319, page 348; Commonwealth v. Resinger, 432 Pa. 398, 248 A.2d 55; People v. Chacon, 69 Cal.2d 765, 73 Cal.Rptr. 10, 447 P.2d 106, 111–113; People v. Stoval, 40 Ill.2d 109, 239 N.E.2d 441, 444; Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359, 360, 361; Whitaker v. Warden, Maryland Penitentiary, 4 Cir., 362 F.2d 838, 841; Sawyer v. Brough, 4 Cir., 358 F.2d 70, 73; United States v. Gougis, 7 Cir., 374 F.2d 758, 761; Zurita v. United States, 7 Cir., 410 F.2d 477, 479, 480; United States ex rel. Thompson v. Rundle, E.Dist.Pa., 294 F.Supp. 933, 935; United States v. Berriel, 6 Cir., 371 F.2d 587; United States v. Burkeen, 6 Cir., 355 F.2d 241, 243; United States v. Dardi, 2 Cir., 330 F.2d 316, 335; Application of Larry Buffalo Chief, District Court, S.Dak., 297 F.Supp. 687, 688; Lugo v. United States, 9 Cir., 350 F.2d 858, 859; United States ex rel. Williamson v. LaVallee, District Court, E.Dist.N.Y., 282 F.Supp. 968, 974; Morgan v. United States, 2 Cir., 396 F.2d 110, 114; Gonzales v. United States, 9 Cir., 314 F.2d 750, 752; State v. Coleman, 9 Ariz.App. 526, 454 P.2d 196, 198; State v. Oldham, 92 Idaho 124, 438 P.2d 275, 280; State v. Goode, S.D., 171 N.W.2d 733, 734.

■ These same authorities caution that such appointments should be made only after the trial court determines there is nei-ther an actual conflict nor a danger of conflict which would deprive a defendant of effective representation.

In Morgan v. United States, supra, at page 114 of 396 F.2d, the court said, "This case makes it abundantly clear that district courts should exercise extreme care before the court assigns any counsel already representing a defendant to represent one or more other defendants who face the same charges. Despite what the appearances may be before trial, the possibility of a conflict of interest between two defendants is almost always present to some degree * * *. This is so especially where there is a question as to whether either or both of the defendants should take the stand. * * * The decision whether a defendant should testify may be unduly affected by the risk that his testimony may develop so as to disclose matters which are harmful to the other defendant or which conflict with the other defendant's story. The attorney's freedom to cross-examine one defendant on behalf of another would be restricted where the attorney represents both defendants and if, where two defendants are represented by the same attorney, one defendant elects to take the stand and the other chooses not to, the possible prejudice in the eyes of the jury to the defendant who does not take the stand is almost inescapable. * * *

"We do not suggest that prejudice must necessarily have resulted where counsel already representing one defendant was assigned to represent another co-defendant. Nor do we suggest that a trial judge may never appoint the same attorney to represent two or more defendants. * * * But we do take this occasion to emphasize that the assignment of counsel in multi-defendant cases should never be a routine matter and should never depend upon counsel who are immediately available. Where the trial judge assigns the same attorney to represent two or more defendants, he should do so only after conducting the most careful inquiry, as to which a full record should be made, and after satisfying himself that

no conflict of interest is likely to result and that the parties involved have no valid objection."

In that case the defendants were tried jointly, but the same dangers are present when their trials are separate.

We used somewhat the same language in our Karston case, supra, at page 37 of 247 Iowa Reports, at page 466 of 72 N.W.2d where we said, "[Counsel] was placed in an impossible position, which perhaps both he and the trial court should have recognized, when he undertook to represent both defendants. It will generally be found when two or more are accused of a serious crime, that their interests are to some extent divergent. Often the question will arise as to which was the planner of the crime, which took the leading part, or in many other ways each may desire to attempt to throw the onus upon the other. Separate lawyers for separate defendants may not in all cases prove an unmixed blessing; the result may be attempts by each to cast the blame upon the other, to the profit of the prosecution. But it is settled that where there may be adverse interests, each defendant is entitled to separate representation."

Virtually all of the cases heretofore cited, both federal and state, cite as authority the leading case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 465, 86 L.Ed. 680, 699–702. Although pointing up the dangers inherent in the appointment of one attorney to represent multiple defendants, the Supreme Court there supported the view that such practice is not necessarily violative of the constitutional right to effective counsel and that conflict must be shown before a reversal is justified.

The great majority of courts which have considered this problem hold that it is not always error to make such appointment; that such appointment should be made cautiously and only after a satisfactory showing that no conflict or reasonable danger thereof exists; that a defendant has been denied effective representation of counsel only upon a showing of such conflict; and that if conflict appears, prejudice will ordinarily be presumed.

■■ Here defendant appears to argue that *both* conflict and prejudice should be presumed simply because his attorney also represented his accomplice. We do not believe the authorities so hold. We believe they hold, as we now do, that one who claims denial of effective assistance of counsel on this ground must show a conflict of interest; but that having done so, he need not point out in what manner or to what extent he has been prejudiced.

Applying these principles to the case at hand, we agree with the trial court that defendant was not denied effective representation under Amendments 5 and 6 to the federal constitution.

It is difficult to find any factual basis for defendant's present complaint. The only significant matter brought out at the hearing on his motion in arrest of judgment was the claim, first made after sentencing, that he was so intoxicated he had no recollection of the commission of the crime.

The fact that this circumstance was not brought out at the time his guilty plea was entered or when sentence was imposed is not, however, due to faulty representation. It is because defendant concealed it from his attorney. He states he did so upon the advice of his brother, who told him the punishment would be worse if he said he was intoxicated.

Assuming for present purposes that this undisclosed fact would have somehow been helpful to defendant, failure to use it must be put squarely on defendant's shoulders for his refusal to make full disclosure to his attorney.

■ In view of what we have already said it is clear we discourage the appointment of one attorney to represent more than one party charged with the commis-

sion of the same crime. Seldom is the court able to tell when the appointment is made whether later conflicts will develop. This is a compelling reason for avoiding the problem entirely by designating separate counsel for each accomplice.

But while this is the better and safer policy we agree with the firmly established doctrine that there is no constitutional infringement unless a defendant can show a conflict of interest which deprived him of effective assistance of counsel.

We find none here and the trial court is affirmed.

Affirmed.

All Justices concur.