MANN, Judge
(concurring in Mullinnix and dissenting in Rowe).
Hysell, Mullinnix and Rowe were in a car parked on a Clearwater street late at night. All were arrested for possession of marijuana. Hysell pleaded guilty. Mullin-nix and Rowe were jointly tried despite a timely motion for severance on Rowe’s part, which should have been granted.
Evidence against Mullinnix included his flight from the scene at the time of arrest. The trial judge and prosecutor referred to this, and stated that this evidence was inadmissible against Rowe.
I do not think the case one of constitutional proportions such as Bruton v. U. S., 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. In that case the use of a confession by one defendant was held prejudicial in the case of Bruton, tried simultaneously. There was in Bruton a violation of the Confrontation Clause of the Sixth Amendment which is clearly not present here, especially when we consider Dutton v. Evans, 1970, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 and Nelson v. O’Neil, 1971, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222. Dutton upholds a Georgia rule admitting certain hearsay evidence against a claim of violation of confrontation rights.
But Bruton indicates as well as any case that jurors are not to be expected to put out of their minds Mullinnix’ flight when pondering Rowe’s guilt or innocence. The Court’s opinion in Bruton contains all the reference any scholarly lawyer might need to understand the weakness of limiting instructions.
I think that the question is one to be considered in the light of Florida law on severance.[1] There are cases in which some particular item of evidence is inadmissible against one defendant and in which a joint trial may justly proceed. If the inadmissible evidence were merely cumulative, and hence not prejudicial, I could concur.[2] But this case is different: all of *921 the evidence against Rowe is a minute quantity of marijuana claimed to have been taken from his clothing. The evidence was analyzed, and a few particles were consumed in the process, but all that remains is an opaque envelope, sealed, which the trial judge admonished the jury not to open. Rowe’s counsel says that there is one particle in the envelope. If there is, I cannot feel it, nor can I see it while holding the envelope against a strong light.
On occasion, I have gone beyond my brethren in considering that an otherwise reversible conviction was sustainable on the theory that the appellant aided and abetted a principal.[3] But that theory will not justify affirmance of Rowe’s conviction. Hysell did not testify, and such reference to him as is in the record would tend to negate aiding and abetting.
So we have here a case in which the evidence inadmissible against the party moving for severance is prejudicial in view of the entire record. There is neither an alternate theory nor cumulative evidence to support affirmance of Rowe’s conviction on this record. I find no Florida case affirming denial of severance on such a record as this.[4]
My view of the unconstitutionality of the action of the trial judge in refusing to give Rowe credit for jail time is expressed in my dissent to Albury v. State, Fla.App.1971, 246 So.2d 141. He gave Mullin-nix credit for jail time but told Rowe that he didn’t have enough time in jail to make it worthwhile. Rowe's motion for reconsideration of sentence was accompanied by an affidavit showing that he had served 63 days in jail. In my view, one day of unconstitutional incarceration is plently to make it worth any judge’s while to consider. We have no authority to review sentences within the lawful maximum.[5] I think a sentence to the maximum without credit for jail time is unconstitutional, but no other judge of this court agrees.
I would reverse as to Rowe so that he may be retried without the prejudicial inadmissible testimony of Mullinnix’ flight.

. Gelis v. State, Fla.App.2d 1968, 215 So.2d 86; Reddick v. State, Fla.App.2d 1966, 190 So.2d 340; Westbrook v. State, Fla.1953, 64 So.2d 320; Suarez v. State, Fla.1928, 95 Fla. 42, 115 So. 519.

. Cason v. State, Fla.App.2d 1968, 211 So.2d 604; Sylvia v. State, Fla.App.3rd 1968, 210 So.2d 286. See also State v. Stubbs, Fla.1970, 239 So.2d 241, and Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, for exposition of the harmless error rule. State v. Garcia, Fla.1970, 240 So.2d 633.

. Roby v. State, Fla.App.2d 1969, 229 So.2d 604, reversed Fla.1971, 246 So.2d 566; Brown v. State, Fla.App.2d 1970, 240 So.2d 507.

. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance, § 2.3 (Approved Draft 1968).

.Davis v. State, Fla.1960, 123 So.2d 703; American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, 19 (Approved Draft 1968).