**STATE of Iowa, Appellee,**

v.

**William DONOHUE, Appellant.**

No. 55603.

Supreme Court of Iowa.

May 23, 1973.

———◆———

Joseph C. Johnston, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., Des Moines, and Roger H. Berkland, County Atty., Emmetsburg, for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and Mc-CORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information filed March 2, 1972 with the crime of receiving, possessing, purchasing, or manufacturing a bomb, bombshell, grenade or explosive device as defined in section 697.11, The Code, 1971. By separate informations filed the same date, two other individuals, namely, Michael Goeders and Curtis Jorpeland, were charged with committing the same offense.

On March 2, 1972, all three defendants appeared before the Honorable J. P. Hand in the Palo Alto District Court, and all were represented by Mr. Leslie Prichard, who had apparently been privately retained by each of the defendants. All of the defendants were arraigned and each indicated a desire to enter plea at that time, and a detailed and exhaustive colloquy took place between the court, the three defendants and their counsel. All were expressly asked whether or not they were satisfied with the services Mr. Prichard had rendered them up to the time of the arraignment, and it appeared then that he had been representing all three from the time of their arrest, and all answered such question in the affirmative. The arraignment procedure was concluded with the court asking all defendants generally whether or not there was any reason why their pleas of guilty should not be accepted, and no reason being then stated, the court set the date of sentencing as March 13, 1972 at 11 A.M.

The sentencing actually took place on March 20, 1972, before the Honorable G. W. Stillman. On this date an application for appointment of counsel, with accompanying affidavit of financial statement on the part of defendant, was presented to the court, and Mr. Prichard was then formally appointed to represent defendant at state expense. Defendant was asked then by Judge Stillman as to whether or not Mr. Prichard had represented the defendant at every hearing, and further asked whether or not defendant had been perfectly satisfied with his representation up to that time, to which questions defendant again responded in the affirmative. Statements of the county attorney and of defendant's counsel were made to the court, and the

court then sentenced defendant and his two co-actors to serve a period of not to exceed five years at the Men's Reformatory at Anamosa. From the entry of judgment on such sentence imposed, defendant appeals.

Defendant assigns three errors upon which he relies for reversal:

(1) The court erred in appointing one attorney to represent three co-defendants, in violation of defendant's right to assistance of counsel under the Sixth Amendment to the United States Constitution, because such an appointment raises the spectre of conflict of interest in the attorney, and the defendant was not apprised of the consequences of joint representation sufficient to freely acquiesce and waive any right to separate counsel.

(2) Having appointed one attorney to represent three co-defendants, the court erred in not apprising or making sure defendant was apprised of possible defenses available to him which may or may not be available to the other co-defendants, thereby violating defendant's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.

(3) The court erred in accepting defendant's guilty plea when during the course of the proceedings there was even slight indications that the appointed attorney was laboring under some conflict of interest representing all the co-defendants with the potential of depriving the individual defendants of effective assistance of counsel.

I. We interpret the errors assigned as being directed all to the same basic proposition; that is, that defendant has been denied effective assistance of counsel for the reason that the same counsel represented his two co-actors who were charged with the commission of the identical offense with which this defendant was charged.

II. We have spoken to this question recently in State v. Gatewood, 179 N.W.2d 520 (Iowa 1970). There is nothing in the record to establish any conflict of interest resulting in prejudice to the defendant here; and it was incumbent on defendant to show such a conflict as to deprive him of effective assistance of counsel, to his resultant prejudice. See Dukes v. Warden, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45, rehrng. den., 407 U.S. 934, 92 S.Ct. 2464, 32 L.Ed.2d 817. And see Anno. 34 A.L.R.3d 470.

A further opinion in this case would have no precedential value, and the judgment and orders of the trial court are now affirmed. See rule 348.1, Rules of Civil Procedure.

Affirmed.