**UNITED STATES of America ex rel.
John W. CLARK**

**v.**

**Charles S. GUY, United States Marshal
for the Eastern District of Pennsylvania,
and Louis S. Atych, Superintendent of
Prisons for Philadelphia County.**

**Civ. A. No. 73-2083.**

United States District Court,
E. D. Pennsylvania.

Nov. 27, 1974.

**1176**

Mark D. Schaffer, Public Defender, Philadelphia, Pa., for plaintiff.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

DITTER, District Judge.

John W. Clark was convicted of bank robbery and sentenced to 15 years imprisonment. Before me is his motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255.

Clark alleges various grounds for relief: (a) his reprosecution after an earlier mistrial placed him in double jeopardy; (b) he was denied due process of law because the question of his capacity to commit the offense or competency to stand trial was never adequately determined; (c) he was denied his constitutional rights to a fair and impartial jury; and (d) he received ineffective assistance of counsel because of conflicting interests.

The Honorable Edwin E. Naythons, United States Magistrate, filed a report and recommendation which stated that petitioner's first three contentions were either completely without merit or could not be raised in a Section 2255 motion. Judge Naythons did conclude, however, that Clark's claim of ineffective assistance of counsel presented a reviewable issue and recommended that the United States respond to this allegation. The report was approved by this court, and the Government has now filed an answer which denies any conflict of interest.

Clark was indicted on criminal bill number 71–163, March 25, 1971, and arraigned May 3, 1971. His first trial began June 21, 1971, and a mistrial was declared on June 23, 1971. His second trial began on August 4 and ended August 6, 1971, with post trial motions filed on August 12, 1971, being denied by this court on June 28, 1972. During the whole time, Clark was represented by Nino V. Tinari, Esquire.

Mr. Tinari also represented Darrell Anthony Jackson who was arrested for the same bank robbery as Clark. Jackson, however, was indicted on a separate bill, criminal number 71–320, at a later date, May 27, 1971, and his trial did not begin until November 3, 1971, almost three months after Clark's second trial had been concluded.

Clark claims he was denied effective assistance of counsel as guaranteed by the Sixth Amendment because he and Jackson were both represented by the same lawyer. He argues that the court has a responsibility to make sure a criminal defendant is aware of the potential risk of conflict in an attorney's dual representation. Clark goes on to assert that since no inquiry was made and no determination of an intelligent and knowledgeable waiver recorded, he is entitled to a new trial.

■■■■ While the Constitution provides for a defendant's absolute right to untrammelled and unimpaired assistance of counsel, the mere fact of dual representation and a silent record has not been held enough to require relief. United States ex rel. Hart v. Davenport, 478 F.2d 203, 209–210 (3d Cir. 1973).[1] To the contrary,

> [t]here must be some showing of a possible conflict of interest or prejudice, however remote, before a reviewing court will find the dual representation constitutionally defective.
> . . . .

Walker v. United States, 422 F.2d 374, 375 (3d Cir.), cert. denied, 399 U.S. 915,

---

1. Of course, any person may waive his right to assistance of counsel. This Circuit, however, has refused to find such waiver from a silent record. Government of the Virgin Islands v. Hernandez, 476 F.2d 791 (3d Cir. 1973); Government of the Virgin Islands v. John, 447 F.2d 69, 74–75 (3d Cir. 1971).

90 S.Ct. 2219, 26 L.Ed.2d 573 (1970). The test for possible conflicts of interest must be made in light of the normal competency standard for adequate representation. This includes adherence by the defense attorney to ethical standards with respect to avoidance of conflict of interests in Canon 5, Code of Professional Responsibility. United States ex rel. Hart v. Davenport, supra. See ABA Projection Standards for Criminal Justice, The Prosecution Function and the Defense Function § 3.5, at 211 (1971).

 A review of petitioner's motion, brief, the court's dockets, and the records in the trials of Clark and Jackson show there was no possible conflict of interest or prejudice resulting from Mr. Tinari's representing both of them.[2]

In the first place, Clark and Jackson were not tried together and Clark was tried and convicted at a time that Jackson was represented by another attorney, Joseph C. Santaguida, Esquire. As the dockets show, Mr. Santaguida entered his appearance for Jackson, and Jackson's codefendants, Claude Lorenzo Corbitt and Harry Mims, on June 14, 1971. As previously mentioned, Clark was convicted August 6, 1971. On September 10, 1971, the possibility of a conflict of interest having arisen among Corbitt, Mims, and Jackson, I appointed the Defender Association to represent the latter. Subsequently Jackson retained Mr. Tinari and the Defender Association withdrew as his attorney. In brief, Mr. Tinari did not undertake to represent Jackson until after Clark had been tried and found guilty.

The second reason why there is no conflict of interest or possible prejudice is found in the nature of the defenses raised by Clark and Jackson. Clark offered an alibi, supported by several witnesses. Jackson, however, exercised his Constitutional right not to take the stand or to present any evidence. Neither Clark nor Jackson called the other to testify, and neither sought to escape culpability by any reference to the other. In fact, there was no mention of Jackson by name at Clark's trial—and no mention of Clark, by name, at Jackson's trial.[3]

I conclude there was no joint representation, no conflict of interest, and no prejudice. Therefore, Clark's motion to vacate or set aside his sentence must be denied.

---

2. I am cognizant of the Supreme Court's intimation that in Section 2255 cases a hearing is desirable. Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). In this case, since the facts seem so clear and the plaintiff alleged no specific conflict of interest or prejudice I feel no hearing is necessary.

3. Government witnesses referred to Clark at Jackson's trial as "the man in the policeman's uniform", and to Jackson, at Clark's trial, as "the man who vaulted over the counter".