UNITED STATES of America,
Appellee,

v.

Frederick John DONATELLI,
Defendant-Appellant.

No. 72–1172.

United States Court of Appeals,
First Circuit.

Submitted July 30, 1973.

Decided Sept. 20, 1973.

Joseph F. Flynn, Rockland, Mass., on brief, for appellant.

James N. Gabriel, U. S. Atty., and Henry H. Hammond, Asst. U. S. Atty., on brief, for appellee.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Defendant, Frederick Donatelli, was convicted of one count of possession of counterfeit obligations of the United States, 18 U.S.C. § 472, and was sentenced to a term of imprisonment of six years. On this appeal we have considered both the brief submitted by his counsel and defendant's pro se memorandum which was incorporated by reference into counsel's brief. We find no merit to any of the points advanced and therefore affirm.

At trial the government relied heavily upon the testimony of two witnesses, Raymond Scarino and John Scaduto. Scarino testified that sometime in the spring of 1970 Donatelli approached him with a scheme to print counterfeit money. By June of that year Scarino, a professional printer, had agreed, and proceeded to print in the basement of his home seven to eight hundred sheets, each containing three twenty dollar bills. He testified that upon completion of the printing he put the uncut sheets in a box and handed them to Donatelli. Scaduto testified that Donatelli gave him a box and asked him to keep it, then deliver it to one Walzik. Scaduto hid the box in his yard and gave it to Walzik when the latter drove up to his house that night. Scaduto also testified that a couple of nights later Donatelli told him that Walzik and another man had been arrested and "the stuff was lost". Other testimony showed that Walzik and two other men had been apprehended by the Secret Service on June 26, 1970 in possession of a box of counterfeit money, which Scarino identified as the one he had given to Donatelli.

At the commencement of trial the government announced for the first time that it intended to call Scaduto as a witness. Defendant's trial counsel protested to the judge that this placed him in a difficult position because he had had a lawyer-client relationship with Scaduto. The court treated that statement as a request for a continuance and denied it. Trial counsel made no further mention of this fact and conducted a cross-examination of Scaduto without indicating any difficulty caused by the prior relationship. After trial this counsel was allowed to withdraw from the case and new counsel was appointed for the purpose of prosecuting an appeal.

Defendant makes a number of attacks upon the fairness of his trial but only two of his arguments require any extended discussion. The first of these is his contention that he was denied effective assistance of counsel by virtue of the inhibiting effect which his trial counsel felt from a prior lawyer-client relationship with the witness Scaduto. We can perceive two aspects of this argument: first, that his trial counsel was subject to a conflict of interest which reduced his effectiveness; and second, that defendant's counsel was prevented from conducting a vigorous cross-examination of Scaduto because of the fact that Scaduto had had confidential communications with him.

As to the possibility that there existed a conflict of interest which affected the ability of defendant's trial counsel to vigorously defend his interests, the key question is whether any such conflict existed. We must be peculiarly sensitive to such allegations, Marxuach v. United States, 398 F.2d 548, 552 (1st Cir.), cert. denied, 393 U.S. 982, 89 S.Ct. 454, 21 L.Ed.2d 443 (1968). But we must also recognize that it is up to the defendant to establish that such a conflict existed at his trial. Here the only fact shown is that on two occasions, before Donatelli's trial, Scaduto came to Donatelli's attorney and sought legal representation. By the time of defendant's trial Scaduto had retained a different attorney and had apparently severed all legal relationship with Donatelli's lawyer. There is no hint that at the time of trial defendant's counsel had any divided loyalties. Such

cases as Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Craig v. United States, 217 F. 2d 355 (6th Cir. 1954); Taylor v. United States, 96 U.S.App.D.C. 379, 226 F.2d 337 (1955), and United States ex rel. Williamson v. LaVallee, 282 F.Supp. 968 (E.D.N.Y.1968) are therefore distinguishable because in all of them the defendant's counsel was also involved in a present legal representation relationship with either a co-defendant or a government witness. We are unwilling, in the absence of any showing of additional facts indicating a conflict of loyalties, to assume that an attorney who has severed his attorney-client relationship with a government witness retains a conflict of interest at trial. We therefore conclude that defendant has failed to establish that his trial counsel had a conflict of interest at trial.

Defendant's contention that his attorney did not conduct as effective a cross-examination of Scaduto as he could have because he was in possession of privileged information gathered in the course of his prior lawyer-client relationship with Scaduto, also lacks merit. The trial transcript reveals that defendant's attorney conducted an apparently vigorous cross-examination of Scaduto. While this alone would not be determinative, it takes on added significance when combined with the fact that defendant's attorney at no time indicated that a particular avenue of interrogation was closed to him or that he was deterred in any way from adequately representing his client by virtue of privileged information in his possession. Defendant made no effort at trial to seek a determination of whether the witness Scaduto had waived his privilege either by permitting defendant's presence at one of the sessions which he had had with counsel prior to the trial, or by his taking the stand. Presumably such

a ruling was not sought because it was not felt needed. In light of the total absence of any indication of prejudice, defendant cannot rely on speculative harm caused by speculative confidential information to show that he was deprived of his constitutional rights at trial.[1]

■ The second argument advanced by defendant concerns the possibility that the government negligently or deliberately failed to truthfully answer all of defendant's requests in the government's bill of particulars. Defendant sought, inter alia, "a description of each place in Massachusetts where the defendant is alleged to have possessed the counterfeited obligations" and similarly sought this information as to places where defendant was alleged to have concealed counterfeit obligations. The government replied that the location where the bills were possessed and concealed by defendant after they left Scarino's basement and before they were seized by the Secret Service was "unknown". Defendant urges that the government knew or should have known that Scaduto would testify that the money was concealed at his house during this period, pointing to Scaduto's testimony on cross-examination where he indicated in a general way that he had told special agents of the Secret Service information to this effect in August, 1971, several months before the government filed its bill of particulars, and long before trial. The government assures the court that the bill of particulars was completed in good faith.

■■ Even assuming that the bill of particulars was improperly completed, we find no reason to disturb the judgment below. A defendant in a criminal trial has the right to a fair trial, and as one aspect of this right he must be supplied by the prosecution all evidence

---

1. Defendant also urges that the trial judge abused his discretion by refusing to order a continuance when defendant's counsel informed him of his prior relationship with Scaduto. Because we have found that no prejudice to defendant flowed from this relationship, it is clear that failure to order a continuance was not error.

**508**

which may be materially favorable to him, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), including evidence which would have a material effect upon trial preparation, United States v. Polisi, 416 F.2d 573 (2d Cir. 1969). The suppression of evidence by the prosecution which is not "materially favorable" to the accused may be reprehensible, but unless defendant is prejudiced it is not cause for reversal. *See* United States v. DeLeo, 422 F.2d 487 (1st Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). Here we can see no substantial possibility that the information omitted from the bill of particulars could have been of a nature that its suppression worked material harm upon the defendant. We note that defendant's trial counsel was supplied information concerning the August statements made by Scaduto to the Secret Service, including the fact that Scaduto had hidden the counterfeit currency at his house, prior to the cross-examination of that witness. We are fully cognizant of the remaining possibility that ignorance of this particular information prior to this time may have hampered trial preparation and thus that its revelation during trial, while reducing somewhat the chance of prejudice, does not eliminate it. But we must have more than vague allegations of prejudice such as those made by defendant. Since we can find no specific prejudice to the defendant under the circumstances of this case, we conclude that the government's omission, if there was one, was essentially harmless.[2]

■ Defendant's remaining contentions can be disposed of without extended discussion. Defendant urges that the testimony of Scarino in the trial of William McGovern, et al., which trial took place a few months after the Donatelli trial, demonstrates that the government suppressed evidence in Donatelli's trial. Careful review of Scarino's testimony in the McGovern trial, however, convinces us that there was no substantial conflict between his testimony in that trial and his testimony in Donatelli's trial. Defendant also urges that he was prejudiced by a statement made by the prosecutor to the jury during his closing statement. Assuming defendant's version of the statement to be true, we find the incident to be too trivial to merit reversal. Similarly we find no merit to defendant's vague allegation that surprise over the government's use of Scaduto as a witness denied defendant a fair trial. It is clear that both defendant and his trial counsel were aware of Scaduto's involvement in the case since they had met with him before trial precisely because, in the words of trial counsel, "It was my judgment at that time that these matters, as far as Mr. Scaduto and Mr. Donatelli were concerned, were intertwined." Lack of objection at trial to Scaduto's testimony supports our conviction that defendant was not prejudiced by the government's use of this witness. Defendant's allegations of subornation of perjury and of inadequacy of counsel are patently frivolous.

Affirmed.

---

**2.** We are disturbed by the possibility that the government may have failed to exercise due diligence in completing its bill of particulars. Proper fulfillment of this type of task by the government is crucial both to fairness to individual defendants and to the integrity of the judicial process. Should it appear at any time that government misbehavior in this regard has become a recurring problem, we would contemplate the establishment of a rule creating a presumption of prejudice whenever information is deliberately or negligently withheld from a defendant by the government after specific request therefor.