**Michael Morton NICHOL, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 65187.

Supreme Court of Iowa.

Aug. 26, 1981.

Alfredo G. Parrish of Parrish & Del Gallo, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Michael Jordan, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

LeGRAND, Justice.

This appeal arises out of a denial of petitioner's application for postconviction relief under ch. 663A, The Code. We affirm the trial court.

Only one issue is raised. Petitioner asserts he was denied effective assistance of counsel because of his attorney's conflict of interest. This complaint arises under the following circumstances.

Petitioner operated a massage parlor, which the state alleged was a front for prostitution. He was convicted of keeping a house of ill fame in violation of section 724.3, The Code 1977. The Court of Appeals affirmed his conviction by per curiam opinion, and we denied further review. During all this time, petitioner was represented by Yale Iverson, a Des Moines attorney.

The principal prosecution witness against petitioner was David Taylor. Iverson had represented Taylor in an unrelated civil matter involving repossession of a car approximately a year before petitioner's trial. He was not representing Taylor at the time of the events in question.

Petitioner claims Iverson's prior representation of Taylor prevented him from

rendering the wholehearted and loyal service to which he was entitled. *Bizzett v. Brewer*, 262 N.W.2d 273, 275 (Iowa 1978). Our review of this constitutional question is on the totality of the circumstances, and we make our own evaluation of the evidence. *Cosgrove v. State*, 304 N.W.2d 184, 185 (Iowa 1981); *Sims v. State*, 295 N.W.2d 420, 422 (Iowa 1980).

We first dispose of a preliminary procedural question. Petitioner asserts the trial court erred by requiring him to show actual prejudice, relying on *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The correct standard, according to petitioner, is the less stringent one announced in *Jackson v. Auger*, 239 N.W.2d 180, 183 (Iowa 1976), where we said it is enough if there is "substantial possibility" that a conflict of interest affected the lawyer's representation. *See also Cosgrove*, 304 N.W.2d at 187. While petitioner is right concerning the rule, this does not help his cause. In reviewing the case de novo, we have applied the *Jackson* rule. We find petitioner failed to demonstrate his right to relief. The evidence shows neither actual prejudice nor a substantial possibility of prejudice resulted from Iverson's alleged conflict of interest.

Most conflict-of-interest cases involve representation of multiple defendants under circumstances compelling an attorney to choose one client over another. The present case deals with the other most common cause of conflict—representation by defendant's lawyer of a prosecution witness. *See United States v. Jeffers*, 520 F.2d 1256, 1264–65 (7th Cir. 1975), *cert. denied* 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1976); *Cosgrove*, 304 N.W.2d at 186–87.

In *Jeffers* the court said:

In such cases [where representation of a prosecution witness is involved] there are two factors that arguably may interfere with effective cross examination and, therefore, the effective assistance of counsel. First is the concern that the lawyer's pecuniary interest in possible future business may cause him to avoid vigorous examination which might be embarrassing or confusing to the witness. The second is the possibility that privileged information obtained from the witness might be relevant to the cross examination.

We must decide if, under this record, there was a conflict of interest and, if so, whether it raised a substantial possibility of prejudice to petitioner.

## I. *Representation of David Taylor.*

David Taylor was the state's principal witness. Iverson had represented him in a civil matter that involved repossession of an automobile a year or so before the trial of this case. He did not represent Taylor at the time of trial. This single isolated representation of Taylor on a wholly unrelated matter does not raise even a remote possibility of conflict. There is no showing of any probability of "future business," as referred to in *Jeffers*. Neither is there anything about that case which suggests Iverson obtained any privileged information which would inhibit his representation of petitioner. Petitioner has failed to establish either of the dangers discussed in *Jeffers*.

## II. *Failure to call witnesses.*

Petitioner also points to Iverson's failure to call two female masseuses as witnesses. There is no record as to what their testimony would have been. Ordinarily complaints about failure to call witnesses should be accompanied by a showing their testimony would have been beneficial. *State v. Pankey*, 208 Neb. 377, 303 N.W.2d 305, 306 (1981). Other evidence shows the masseuses employed by petitioner performed massages for commercial purposes while both they and their patrons were nude. The evidence further shows there were various types of massages given for different prices, depending upon what the customer "wanted." It also discloses a patron could have sexual intercourse or acts of oral sex if he was willing to pay the price.

We have not ignored the argument that Iverson kept these masseuses off the stand because he himself would be implicated in immoral activities by their testimony. Iverson denies this; and there is nothing in the record to support it.

Under these circumstances, we cannot say the decision not to call these masseuses was anything other than sound trial strategy, as Iverson says it was.

III. *Failure to disclose counsel's association with petitioner's business.*

█ Of more substance is the complaint that Iverson tried the case contrary to petitioner's best interests in order to avoid embarrassment to himself. This is based on two specific allegations. The first deals with the articles of incorporation of petitioner's business, which were introduced as an exhibit. Before the exhibit was offered, the acknowledgement was deleted to eliminate Iverson's identity as the person who had acted as notary public.

The second incident concerns a deposition, in which Yale Iverson was referred to as a patron of both The Leisure Spa (a massage parlor operated by Massey) and The Clubhouse (petitioner's place of business). On its own motion the trial court directed the state and its witnesses not to mention Iverson's name in giving testimony. The names of other patrons were similarly avoided.

As part of petitioner's argument, he points out that Iverson had represented Ron Massey, another massage parlor operator in Des Moines, who had also been charged with operating a house of ill fame. Massey was convicted, but on appeal the case was reversed because of error in the admission of evidence and in the jury instructions. *State v. Massey*, 275 N.W.2d 436 (Iowa 1979). Iverson did not represent Massey on this charge. He had been Massey's lawyer earlier on several corporate and real estate matters. Petitioner says this is significant because much of the state's case was devoted to showing, through Taylor, the similarity between Massey's business and that of petitioner. Petitioner asserts Iverson's close involvement with both Massey and

Taylor made it impossible for Iverson to effectively represent him.

Although neither specific matters complained of (deletion of the acknowledgement and suppression of Iverson's identity as a patron of massage parlors) was relevant, petitioner insists this raises the question whether Iverson protected his own personal interests at the expense of his client.

The principle that a client is entitled to the unfettered commitment of his lawyer runs through all the cases dealing with this subject. *See United States v. Jeffers*, 520 F.2d 1256, 1262–63 (7th Cir. 1975); *Castillo v. Estelle*, 504 F.2d 1243, 1244–45 (5th Cir. 1974); *Tucker v. United States*, 235 F.2d 238, 240 (9th Cir. 1956). *Olshen v. McMann*, 378 F.2d 993, 994–95 (2d Cir. 1967); *Cosgrove v. State*, 304 N.W.2d at 185; *Bizzett v. Brewer*, 262 N.W.2d at 275. Our task is to decide whether this principle has been violated under the present record. We hold it was not.

The matters raised were totally irrelevant to this case. Assuming there was a conflict (which we do not decide), we find no basis to say it raised a substantial possibility of prejudice before trial; and, viewed in retrospect, we find no actual prejudice during trial.

AFFIRMED.