**STATE of Iowa, Plaintiff–Appellee,**

v.

**Fredrick DUNCAN,
Defendant–Appellant.**

No. 87–1173.

Court of Appeals of Iowa.

Nov. 29, 1988.

Raymond E. Rogers, Acting Chief Appellate Defender and John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Pamela Greenman Dahl, Asst. Atty. Gen., and John P. Heithoff, Asst. County Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

We address defendant's claim on direct appeal that he was denied effective assistance of trial counsel because his attorney was ethically precluded from effective cross-examination of a material State's wit-

ness because defendant's attorney had represented the witness in a recent criminal action and was foreclosed from certain areas of cross-examination because of the witness's refusal to waive the attorney-client privilege. We determine the issue cannot be addressed on this record. We remand to the district court.

Defendant was charged and convicted of two offenses. The first, delivery of a controlled substance, methamphetamine and the second, delivery of a controlled substance cocaine. He was represented on the charges by attorney Frank Robak. One Mary Brown,[1] a paid informant, was a chief prosecution witness. On the methamphetamine charge a special DCI agent testified she bought the substance from defendant. She testified she had been introduced to defendant by Mary Brown. On the cocaine charge Mary Brown testified she purchased the cocaine from defendant.

Defendant relied on an entrapment defense. He contended he was sexually attracted to Brown and they had at times spent the night together. Defendant contended Brown agreed to forgive a debt he owed her if he would sell drugs Brown supplied him. After trial to a jury, defendant was convicted on both charges. Defendant appeals. His sole contention on appeal is his trial attorney rendered ineffective assistance of counsel because he had a conflict of interest.

Prior to Mary Brown being an informant, she and a boyfriend had been charged with drug related offenses. Frank Robak represented her on these charges. She was sentenced to six months on the charge but did not serve the time.

On April 30, 1987, a trial information was filed. On June 2, 1987 defendant discharged another attorney and Frank Robak was hired to represent him. On June 19, 1987 Robak filed a motion for the State to disclose their agreement with the confidential informant, Mary Brown. At this point, if not before, Robak was aware the informant had been his client.

The trial was held on June 30, 1987. Mary Brown testified as a witness for the State. On cross-examination of Brown by Robak, Robak established (1) before Brown became an informant she discussed the issue of becoming an informant with Robak, and (2) that Robak would not be able to ask Brown questions about motives for becoming an informant that she and Robak were both aware of because he previously was her attorney, and (3) he couldn't divulge those areas unless she allowed him to do so because of the attorney-client privilege. Robak asked Brown if she would waive the attorney-client privilege. She said "No."

Additionally, Robak questioned Brown about whether she had lived with defendant, slept in the same bed he did or stayed in his bed and been observed by defendant's family members. When she testified she had not, he commented "Some of your answers obviously surprise me." In response to Robak's questions, Brown indicated she did not serve the sentence because Robak or somebody kept her from jail. She also admitted she may have been kept out of jail because she was assisting the State.

Defendant's attorney made no effort to disclose the privileged information to the court in camera to enable the court to consider its relevance on cross-examination. *See* discussion *United States v. Jeffers*, 520 F.2d 1256, 1262 (7th Cir.1975). Defense counsel had an ethical obligation to avoid conflicting representations. Defense counsel should have advised the court promptly when the conflict of interest arose during the course of the trial. *See Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333, 345 (1980).

Robak's comments during cross-examination clearly indicated he had contrary information about Brown's sexual relations with defendant and contrary information about deals that led her to be a confidential informant. These areas were very relevant to defendant's defense. In cross-examining Brown, Robak had to consider on one hand

---

**1.** Mary Brown is not the informant's true name but is the name she used throughout the proceedings.

his duty not to breach the confidence of Brown and on the other his obligation to get out what information he could on (1) sexual relations of defendant with informant, and (2) information that would attack the purpose of Brown's being a confidential informant and serve to discredit her testimony.

The right to counsel guaranteed by the Sixth Amendment is a fundamental right. *Argersinger v. Hamlin,* 407 U.S. 25, 29–33, 92 S.Ct. 2006, 2008–2011, 32 L.Ed.2d 530 (1972). The Sixth Amendment prevents the states from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance. *Cuyler,* 446 U.S. at 344, 100 S.Ct. at 1716, 64 L.Ed.2d at 344. The sixth amendment right to counsel includes the right to effective assistance free of conflicts of interest. *United States v. Mooney,* 769 F.2d 496, 499 (1985) citing *United States v. Ramsey,* 661 F.2d 1013, 1017 (4th Cir.1981), cert. denied, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982).

In order to establish a violation of the Sixth Amendment, a defendant who raises no objection at trial must demonstrate an actual conflict of interest adversely affected his lawyer's performance. *Cuyler,* 446 U.S. at 349, 100 S.Ct. at 1710, 64 L.Ed.2d at 347. The conflict itself demonstrates a denial of the "right to have the effective assistance of counsel." Thus, a defendant who shows a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. *Id.* But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. *Id. See also United States v. Mers,* 701 F.2d 1321, 1322 (11th Cir.) cert. denied, 464 U.S. 991, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983).

The possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish an actual conflict of interest adversely affected his lawyer's performance.

*Cuyler,* 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348.

The Iowa court has said the defendant must show there is a substantial possibility of a conflict of interest that affected the lawyer's representation. *Nichol v. State,* 309 N.W.2d 468, 470 (Iowa 1981); *Jackson v. Auger,* 239 N.W.2d 180, 183 (Iowa 1976). And in *Wycoff v. State,* 382 N.W.2d 462, 471 (Iowa 1986), the Iowa Supreme Court said:

> We are aware of the possibility of prejudice to criminal defendants in concurrent representation situations. *See Nichol v. State,* 309 N.W.2d 468, 470 (Iowa 1981); *Cosgrove v. State,* 304 N.W.2d 184, 187 (Iowa 1981). If a petitioner has established that his attorney had an attorney-client relationship with an adverse party or witness, he need only show a substantial possibility of a conflict of interest to claim a denial of effective assistance of counsel. *Cosgrove,* 304 N.W.2d at 187.

To show an actual conflict defendant must point to specific instances in the record to suggest an actual conflict or impairment of interests. *United States v. Fox,* 613 F.2d 99, 102 (4th Cir.1980). Defendant must make a factual showing of inconsistent interests and must demonstrate the attorney "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he or she did not make such a choice, the conflict remained hypothetical. Comment, *Conflict of Interests in Multiple Representation of Criminal Co–Defendants,* 68 J.Crim.L. & Criminology 226, 232 (1977). There is no violation where the conflict is "irrelevant or merely hypothetical"; there must be an "actual significant conflict." *Foxworth v. Wainwright,* 516 F.2d 1072, 1077 (5th Cir.1975).

■ We are dealing with an issue of dual not joint representation. In a case of dual representation not joint representation the danger of conflict is not as great, hence judicial scrutiny need not be as deep. *Theodore v. State of N.H.,* 614 F.2d 817 (1st Cir.1980); *United States v. DiCarlo,* 575 F.2d 952, 957 (1st Cir.) cert. denied, 439

U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978).

Robak *actually* represented Brown. We distinguish *United States v. Donatelli,* 484 F.2d 505 (1st Cir.1973) where a chief prosecution witness had merely conferred with defendant's attorney seeking legal representation. Robak asked on the record for Brown to waive the privilege unlike *Theodore v. State of N.H.,* 614 F.2d 817, 821 (1st Cir.1980) where the attorney did not indicate during cross-examination he was precluded from a line of questioning or ask witness to waive attorney-client privilege. The privileged information obtained from Brown was relevant to the cross-examination, a factor considered in *United States v. Jeffers,* 520 F.2d 1256, 1264 (7th Cir. 1975). Brown had a personal relationship with Robak unlike *Jeffers,* where the court emphasized the witness represented by defendant attorney's law firm had no personal relationship with attorney and the attorney personally possessed no confidential information. *Id.* at 1263–1264.

We find the issue of defendant's sexual relationship with Mary Brown and the particulars of the State's agreement with Mary Brown were issues relevant to defendant's defense. The attorney asked Mary Brown to waive her attorney-client privilege so he could question her on these two areas and she refused. The attorney had a conflict between his obligation not to ask questions that would divulge information given him by Mary Brown and his obligation to his client to question Mary Brown about these issues which were relevant to his defense.

■ The State argues defendant was not prejudiced because there was extensive cross-examination. Having shown actual conflict that adversely affected his lawyer's performance, defendant does not have to show prejudice. *Cuyler,* 446 U.S. at 349–50, 100 S.Ct. at 1719, 64 L.Ed.2d at 347.

■ It is also argued defendant may have waived the conflict. Because this comes to us upon direct appeal, the record does not address the issue of whether defendant may have been aware and waived

the conflict. If a defendant knowingly, intelligently and voluntarily wishes to waive this protection, the constitution does not prevent him from doing so. *See United States v. Garcia,* 517 F.2d 272, 278 (5th Cir.1975). To make a valid waiver it must be a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970).

We remand to the district court for a hearing to determine whether defendant consented to the representation despite the conflict of interest. If the trial court finds consent, defendant's conviction shall stand. If the trial court does not find consent, it shall order a new trial. Either party may appeal from the trial court order.

REMANDED.