# IN THE COURT OF APPEALS OF IOWA

No. 19-1287
Filed October 7, 2020

**SHAWN TIMOTHY LEE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.

In this postconviction-relief (PCR) appeal, Shawn Lee contends his trial

counsel and PCR counsel were ineffective. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

In this postconviction-relief (PCR) appeal, Shawn Lee contends his trial counsel and PCR counsel were ineffective. After a de novo review, *see Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012), we find no merit to Lee's arguments against his trial counsel. Because the record is inadequate to allow us to decide whether PCR counsel breached a duty and whether prejudice resulted, we cannot resolve this new claim on appeal. We affirm the PCR court's order denying Lee relief.

**I.     Facts and Prior Proceedings.**

A jury found Lee guilty of second-degree sexual abuse and of two counts of lascivious acts with a child. We affirmed his convictions. *State v. Lee,* No. 17-0778, 2018 WL 2084908, at *5 (Iowa Ct. App. May 2, 2018). Lee applied for PCR in July 2018, claiming his trial counsel was ineffective in two ways: (1) in failing to object to alleged inappropriate comments made by the prosecutor during opening statement and closing argument, and (2) in failing to interview and produce two witnesses.

Following a trial in July 2019, the PCR court denied Lee's application. Lee appeals, again arguing his trial counsel was ineffective, and now arguing his PCR counsel was ineffective.[1]

---

[1] In a common assertion, Lee states that he "preserved error by filing a notice of appeal." As we have stated time and time again (almost sixty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)), the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While

## II.     Standard of Review

We generally review PCR proceedings "for correction of errors at law." *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018).  But constitutional claims such as ineffective assistance of counsel are reviewed de novo.  *See id.*

## III.     Analysis

To support a claim of ineffective assistance of counsel, a defendant must show (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  Lee must prove both prongs by a preponderance of the evidence.  *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999).

On the breach-of-duty prong, we presume trial counsel was competent, and Lee bears the burden of proving the representation fell below "prevailing professional norms."  See *Lamasters*, 821 N.W.2d at 866 (citation omitted). Miscalculated trial strategies or simple mistakes in judgment seldom rise to the level of ineffective assistance of counsel.  *Id.*

On the prejudice prong,

> a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  This requirement does not mean a defendant must establish "that counsel's deficient conduct more likely than not altered the outcome in the case."  A defendant need only show that the probability of a different result is "sufficient to undermine confidence in the outcome."  In determining whether this standard has been met, we must consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial.

---

this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted).

*State v. Graves*, 668 N.W.2d 860, 882-83 (Iowa 2003) (quoting *Strickland*, 466 U.S. at 694-98).

## A. Failure to Object During Opening Statement and Closing Argument.

To succeed on an ineffective-assistance-of-counsel claim based on failure to object to prosecutorial misconduct, a defendant must establish both proof of the misconduct and that "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial." *Id.* at 869. "A defendant's inability to prove either element is fatal." *Id.*

Lee claims his counsel was ineffective in failing to object when the prosecutor interjected "inappropriate comments" about an alleged incident of vaginal bleeding when the child was about ten years old. During the prosecutor's opening statement, she stated:

> You'll hear some statements from [the child]'s mom about some of the timing of things. For instance, there was a time when she got called to school because school thought [the child] was starting her period. [The child] was bleeding. It was about the time that her dad first forced vaginal sex on her. But then she never had a period for the next couple years. At the time her mom didn't put it together.

Lee insists that this information "was intentionally included by the State to unfairly infer that the vaginal bleeding was caused by vaginal intercourse with Mr. Lee."

In its ruling, the PCR court found the challenged statement was "in line with the expected trial testimony of the child based on pre-trial discovery." We agree the opening statement was not inappropriate because it reflected what the prosecutor expected the evidence to show. Pre-trial testimony showed that the child did not have her menarche around the time of the vaginal bleeding incident but much later. During opening statements, neither of the parties' attorneys knew

exactly how the evidence at trial would turn out. Pretrial discovery reflected that the statement was not out of bounds. There would have been no merit to an objection by trial counsel during the prosecutor's opening statement. "Counsel does not fail to perform an essential duty by failing to raise a meritless objection." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

Turning to the prosecutor's closing, Lee complains in his PCR application that:

> In closing the prosecutor pointed to the only physical evidence in the state's case, that [the child] went to the nurse's office with bleeding from her vaginal area. The prosecutor indicated "Presumably they thought she had her period, because she was ten. That's about the time she would. But she didn't have a period again for another couple of years." While there is a vague statement made by the mother that she took [the child] to a gynecological exam "When she wasn't having her period after that." There is no testimony to suggest a timeframe of several years between the incident at school and when [the child] had regular menstrual periods.

The State concedes the statement—"But she didn't have a period again for another couple of years"—was a misstatement of trial testimony because no precise timeframe had been given. But the State defends its position and points our attention to Lee's trial counsel's reasoning given during her deposition. Trial counsel explained that the timing of the child's menarche was not the material issue for Lee's criminal trial. Instead, the material issue was that the child was not menstruating when the vaginal bleeding occurred. The child's mother also confirmed this approximate timeframe when she took the child to the gynecologist "when she was not having her period after" the bleeding incident. This sequence of events provided circumstantial evidence that the unexplained vaginal bleeding could have resulted from Lee having intercourse with the ten-year-old child. And

trial counsel testified that she made the strategic decision not to interrupt the prosecutor to avoid appearing rude and inappropriate to the jury and inadvertently prejudicing Lee.

The PCR court found trial counsel testified credibly as to her strategic reasoning. The PCR court found trial counsel had a right to be concerned that if she objected during the prosecutor's closing argument the jury might perceive this interruption as rude or needless. Also, trial counsel testified she wanted, as a matter of trial strategy, leeway for herself in closing argument and wanted to draw inferences from the evidence. She wanted to do so without the State objecting to her inferences. We, like the PCR court, do not find trial counsel's strategic decision to remain silent in closing argument sufficient to rise to the level of ineffective assistance of counsel. *See Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (noting strategic decisions made after "thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" (citation omitted)). And Lee seems to concede his trial counsel's strategy "may be reasonable under the circumstances."

Lee now argues on appeal for the first time that his trial counsel should have requested a curative instruction, or requested an admonition, or moved for mistrial, or moved for a new trial in response to the prosecutor's statements.[2] He also complains his trial counsel

---

[2] In its ruling, the PCR court noted the trial court admonished the jury prior to opening and closing that the statements of counsel were not evidence, and further admonished the jury that if the attorneys' recollection of the evidence was different than the jury's own, that the jury should rely on their own recollection of the evidence. Our review of the record confirms this observation.

did not challenge the alleged vaginal bleeding incident by filing a pretrial motion, or by producing evidence of an innocent injury or medical cause of the bleeding, or by requesting and presenting any type of records, medical or otherwise, to raise doubt regarding the evidence of vaginal bleeding near the time of the alleged first vaginal intercourse with Mr. Lee.

We decline to address these new arguments. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting arguments not raised and ruled on during trial cannot be raised on appeal).

### B. Failure to Call Witnesses.

At the PCR hearing, Lee testified that his trial attorney failed to call two other witnesses. Lee testified that he wanted his attorney to call one of his former roommates to testify. He abandons that claim, so we do not consider it. He also wanted testimony from a Des Moines police detective who took a sexual-abuse complaint from the child in 2014. He expands his contention in his appellate brief, now arguing his attorney was not only ineffective in failing to call the police detective who took the child's 2014 complaint, but was also ineffective in not calling the police detective who took the child's 2010 sexual-abuse complaint. Apparently both investigations were closed after the child recanted. Lee speculates the detectives' testimony could have strengthened his case and shown that the child was simply fabricating the claims. We do not consider Lee's new complaint about the 2010 report. *See id.*

In denying Lee's failure-to-further-investigate-and-call-witnesses claim, the PCR court determined, "Even if the court would consider the evidence offered by

[Lee] in his offer of proof,[3] [Lee]'s claim must fail. [Lee] could not identify with any degree of specificity what those potential witnesses would have to offer that would have probably changed the outcome of the trial." We agree. Lee provides no evidence beyond his own, self-serving statements that the police detective who took the child's recanted statements in 2014 would have testified and refuted the child's testimony so the outcome of the trial probably would have been different. Lee's statement in his brief—"We do not know the nature of what the officers could have added to the case."—is telling. Lee did not present to the PCR court any affidavits or testimony from his potential witnesses explaining with specificity what the witnesses' testimony would have been and how it would have changed Lee's case. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (claiming that defense counsel did not fully investigate a case requires an applicant to state what an investigation would have revealed or how anything discovered would have affected the result of the trial); *Nichol v. State*, 309 N.W.2d 468, 470 (Iowa 1981) (noting "complaints about failure to call witnesses should be accompanied by a showing their testimony would have been beneficial"). Moreover, the child admitted at trial she had recanted allegations against Lee in the past. Lee failed to show a reasonable probability of a different outcome had the officer or officers testified at trial. Lee did not provide enough information to show a breach of duty by trial counsel or prejudice to him for failure to call witnesses. *See id.*; see also *Nims v. State*, 401 N.W.2d 231, 235 (Iowa Ct. App. 1986).

---

3 The PCR court denied Lee's offer of proof about the roommate and the police detective who investigated the victim's recanted sexual abuse claims.

Lastly, Lee alludes to his trial counsel's ineffectiveness in failing to attempt to offer "the previous unfounded and recanted police reports into evidence." Again, we do not consider an issue raised for the first time on appeal. *See Meier*, 641 N.W.2d at 537.

### C. Ineffective Assistance of PCR Counsel.

Lee also contends his PCR counsel failed to effectively represent him in several respects. Because the record is inadequate to allow us to decide whether PCR counsel breached a duty and whether prejudice resulted, we cannot resolve this new claim on appeal. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."), *see also Goode v. State*, 920 N.W.2d 520, 526-27 (Iowa 2018). The proper mechanism for resolving claims of ineffective assistance of PCR counsel raised for the first time on appeal is for an applicant to file a separate PCR application in the district court. *See id.*

### IV. Conclusion.

We affirm the denial of Lee's PCR application.

**AFFIRMED.**