# IN THE COURT OF APPEALS OF IOWA

No. 21-1074
Filed May 11, 2022

**CARL ALLEN WEST,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,
Judge.

An applicant appeals a district court's denial of his postconviction relief
application, alleging ineffective assistance of counsel. **AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee State.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Carl West appeals a district court's denial of his postconviction relief (PCR) application, alleging ineffective assistance of counsel. As West failed to meet his PCR burden, we affirm.

## I.        Background Facts & Proceedings

West was convicted of second-degree murder, in violation of Iowa Code section 707.3 (2015), on December 12, 2016. His conviction was upheld on direct appeal.[1] *See State v. West*, No. 17-0112, 2018 WL 2084816, at *2 (Iowa Ct. App. May 2, 2018).

West applied for PCR on July 8, 2019. His application was later amended. Trial proceeded on three separate claims of ineffective assistance of trial counsel. Trial was conducted solely on exhibits, which included a transcript of West's criminal trial, a copy of this court's ruling on West's direct appeal, and depositions from his trial attorneys. Counsel was afforded the opportunity for argument. The district court denied West's application, finding counsel was not ineffective. West appeals as to only one of the claims raised before the district court—that trial counsel was ineffective for failing to introduce additional evidence related to the decedent's history of violence.

## II.        Standard of Review

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law. However, when [an] applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective

---

[1] The appeal resolved West's claim that his counsel was ineffective for failing to object to the admissibility of recordings of a 911 call.

assistance of counsel de novo." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quotation marks and internal citations omitted).

## III.    Discussion

West claims his trial counsel was ineffective for failing to investigate and introduce evidence related to the decedent's violent character. In particular, he alleges his counsel should have presented evidence from two individuals that the decedent had shot at an individual during an incident unrelated to this case and that the decedent had a history of domestic abuse.

"[A]ll [PCR] applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Id.* at 866 (first alteration in original) (citation omitted). An absence of either element is fatal to an applicant's claim. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

On the breach of duty prong, we begin with the presumption counsel performed competently, and then measure counsel's performance against professional norms. *Lamasters*, 821 N.W.2d at 866. "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* (alteration in original). For the prejudice prong, the applicant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

We can resolve West's claim on the prejudice prong. West failed to establish prejudice, as he offered nothing to the PCR court beyond bare assertions

to support his claims of what additional witnesses would say, if anything. "Ordinarily complaints about failure to call witnesses should be accompanied by a showing their testimony would have been beneficial." *Nichol v. State*, 309 N.W.2d 468, 470 (Iowa 1981).

The evidence at the PCR trial was limited to the transcript of West's trial and depositions from his two trial attorneys. The exhibits do not demonstrate with specificity what West's proposed witnesses would have testified to or how, if at all, they would have aided his defense.[2] As such, West has not met his burden of establishing ineffective assistance. *See id.*; *see also Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (finding that the applicant failed to demonstrate ineffective assistance of counsel because "[he] [did] not propose what an investigation would have revealed or how anything discovered would have affected the result obtained below"); *Lee v. State*, No. 19-1287, 2020 WL 5944447, at *3 (Iowa Ct. App. Oct. 7, 2020) ("Lee provides no evidence beyond his own, self-serving statements that the police detective . . . would have testified" in the manner Lee alleged); *Mason v. State*, No.16-1047, 2017 WL 2181550, at *2 (Iowa Ct. App. May 17, 2017) (the applicant "presented no testimony or affidavits from his claimed witnesses explaining with specificity what the witnesses' testimony would have been and how it would have changed [his] case"); *State v. Larue*, No. 13-1484, 2014 WL 4630011, at *4 (Iowa Ct. App. Sept. 17, 2014) ("[I]n regard to [a witness], [the applicant] does not allege with any specificity what her testimony would have been,

---

[2] Counsel for West and counsel for the State agreed prior to trial that any hearsay statements concerning what these potential witnesses would say contained in trial counsel's depositions would not be used for purposes of the PCR trial.

how it would have supported his defense, or how it would have changed the result of a trial.").

As the district court noted, without testimony of the proposed witnesses, it is "difficult to know whether they could have offered admissible evidence or whether it would have been helpful to the defense." We are left with only assertions from West as to what, if anything, the witnesses would testify to or add to the defense. We determine the lack of affidavits or depositions of West's proposed witnesses is fatal to his claim. Given this void in the record, we determine West failed to demonstrate with a reasonable probability that the result of his criminal trial would be different. As the lack of prejudice is determinative, we do not address any alleged breach of an essential duty by trial counsel. We affirm the dismissal of West's PCR application.

**AFFIRMED.**