# IN THE COURT OF APPEALS OF IOWA

No. 22-1993
Filed November 13, 2024

**KEVIN WILLIE McGEE, JR.,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Dallas County, Michael Jacobsen,

Judge.


　　　An applicant appeals the denial of postconviction relief on multiple grounds.

**AFFIRMED.**


　　　Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant.

　　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


　　　Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Kevin Willie McGee, Jr. appeals from the denial of postconviction relief. He raises challenges asserting his trial and appellate counsel were ineffective, claiming he has newly discovered evidence, and urging his actual innocence. We affirm, finding McGee failed to meet his respective burdens on each claim.

## I.   Background Facts and Proceedings

In 2017, McGee messaged a teenaged girl on social media and asked her to meet up at a West Des Moines hotel. McGee picked up this girl and one of her also-teenaged friends and drove them to the hotel. Once there, the group "hung out" in a hotel room. McGee sat on a counter with a handgun nearby, and later moved the handgun underneath the hotel mattress. McGee raped one of the girls, who told him "no" but explained she did not physically resist because she was afraid of the gun that McGee "could have reached for . . . any time." A Polk County jury found McGee guilty of one count of sexual abuse in the third degree and one count of possession of a firearm as a felon; the jury acquitted on two additional counts of sexual abuse in the third degree. We affirmed on direct appeal, rejecting McGee's challenge to the sufficiency of the evidence concerning the firearm charge. *See State v. McGee*, No. 18-0635, 2019 WL 1055851, at *3 (Iowa Ct. App. Mar. 6, 2019).

McGee sought postconviction relief in 2019 and, through counsel, amended his application in 2020 and again in 2022. McGee called five witnesses at his postconviction trial, other than himself and trial counsel:

- a former childhood friend of the victim, who claimed the victim made false allegations in elementary school and more recently stopped talking to her after online bullying;

- a private investigator who collected affidavits excluded as hearsay;

- another former friend of the victim who thought the victim "always had too much drama" and believed she made other false statements;

- another person who "used to be friends" with the victim but now disliked her and thought she was "two-faced"; and

- another private investigator who unsuccessfully tried to subpoena the victim and certain other witnesses for the postconviction trial.

McGee's trial counsel testified he learned at the jury trial about certain social-media messages allegedly exchanged between the victim and the friend who had been in the hotel room, but he could not remember the specific content of the messages or exactly how he became aware of them. He also opined that, to the extent he did not timely receive the messages from the county attorney's office, he did not feel it "amounted to, like, a *Brady* violation or something like that." He testified that he thought he could have used some of the postconviction witnesses' testimony, if it had been available at trial, to impeach the victim. But he also testified he thought the victim's testimony was consistent throughout the case.

McGee, who did not testify at his criminal trial, testified in postconviction relief that he and the victim had generally consensual sex—except she told him not to ejaculate in her and he did so anyway. He also testified the victim and friend's trial testimony that he had a firearm in the hotel room and placed it under the bed was "truthful."

The postconviction court denied relief, finding McGee had not proven his ineffective-assistance, newly-discovered-evidence, or actual-innocence claims. McGee appeals.

## II.    Discussion

We consider the three buckets of McGee's appellate challenges separately, given differences in the standard of review and applicable burdens of proof.

### A.  Ineffective Assistance

We review ineffective-assistance claims de novo.  *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).   "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below objectively reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial.  *Id.* at 687–88, 694.

McGee's first claim is that his trial counsel was ineffective for not presenting the alleged social-media messages between the victim and her friend from the hotel room.  McGee contends these messages would have shown the victim tried to coerce the friend to change her testimony.  But that information was already generally known to McGee and his counsel from the friend's deposition, and counsel elicited testimony on that issue at trial.  To the extent McGee suggests there may have been more to these social-media messages, the messages themselves are not in the record, and trial counsel did not recall anything specific about "the substance" of the messages when questioned at the postconviction trial.  Absent competent evidence establishing the content of these messages, we cannot find breach of an essential duty or the reasonable probability of a different

outcome. *Cf. Nichol v. State*, 309 N.W.2d 468, 470 (Iowa 1981) ("Ordinarily complaints about failure to call witnesses should be accompanied by a showing their testimony would have been beneficial."). And we cannot fault trial counsel for not doing more to obtain these social-media posts, as he did not have access to them before trial nor did he believe the State had committed any misconduct in not providing them.

McGee next contends trial counsel was ineffective for not obtaining or seeking to introduce certain evidence that the victim had allegedly made prior false allegations of sexual abuse. Even taking much or all of McGee's postconviction-trial evidence at face value, we are not convinced it would have been admissible at trial. The comparatively strongest witness among those who testified at the postconviction trial described the victim allegedly making a false allegation "a really long time ago" during "elementary school," which is at minimum five years before McGee raped the victim when she was sixteen years old. This evidence was based on a second- or third-hand report about what the victim allegedly told others—not something the friend heard the victim say. In the criminal case, McGee would have had to follow an extensive pretrial procedure, including in camera review, and prove by a preponderance of the evidence that the victim made the statements and the statements were false. *See State v. Trane*, 934 N.W.2d 447, 457 (Iowa 2019) ("[A]llegedly false allegations of past . . . sexual behavior may be admitted only through the rule 5.412 exceptions framework, which involves pretrial notice, a written offer of proof, and an in camera hearing."); 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.412:1 (Oct. 2023 update) (discussing Iowa Rule of Evidence 5.412 and collecting cases). We are skeptical

the evidence offered at the postconviction trial met this standard. *See King v. State*, 797 N.W.2d 565, 576 (Iowa 2011) (rejecting an ineffective-assistance claim on a similar basis, where the applicant supplied a witness claiming the victim made a false report but did not prove the report was false). And even if McGee crossed the initial Rule 5.412 threshold, we think it likely the evidence would have failed the balancing test in Rule 5.403, given the time lapse and unsubstantiated evidence surrounding the allegedly false report. *See Trane*, 934 N.W.2d at 457 ("[E]ven if the threshold [to admit prior-false-allegations evidence] is met, the district court must still determine that the evidence is relevant and that the probative value of the proposed false allegations outweighs the danger of unfair prejudice."). As a result, McGee cannot prove prejudice.

We also conclude McGee cannot prove breach of an essential duty, as we cannot say counsel acted unreasonably by not seeking out evidence he did not know existed and which may not have been admissible at trial. *See Schrier v. State*, 347 N.W.2d 657, 662 (Iowa 1984) ("[T]he duty to investigate and prepare a defense is not limitless."). And we agree with the postconviction court that the failure to seek out exculpatory evidence (which tends to negate guilt) is different from counsel not obtaining every possible piece of impeaching evidence.

Partially embedded within the false-allegations claim are additional pieces of evidence offered by McGee that concern specific instances of the victim's alleged untruthfulness. These are generally inadmissible under our rules of evidence. *See* Iowa R. Evid. 5.608(b). And we agree with the postconviction court's ultimate conclusion that, to the extent McGee's witnesses could offer some general reputation or opinion evidence as to the victim's honesty, this at best

"would have only been useful for impeachment of [the victim]'s credibility." This does not carry the reasonable probability of a different outcome given the victim's consistent statements and corroborating testimony from the friend. We are also conceptually skeptical of granting postconviction relief based on a parade of witnesses who have fallen out with or have "bad blood" with a victim, then some years later testify as to their dislike for her. *Cf. Seinfeld: The Finale* (NBC television broadcast May 14, 1998) (in which the titular protagonist and his friends' character is impugned by a litany of witnesses from the preceding nine seasons). It goes without saying that such impeachment witnesses are themselves biased, which undermines their persuasive value in the context of a trial. We find no breach or prejudice on this additional-impeachment claim.

Third, McGee asserts trial counsel was ineffective for not filing a motion for new trial on "weight of the evidence" grounds. McGee suggests he could have obtained an "acquittal" based on weight of the evidence; he is wrong, as the remedy for a successful weight-of-the-evidence challenge is a new trial. *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998) (distinguishing between a motion for judgment of acquittal based on sufficiency of the evidence and a motion for new trial based on weight of the evidence). In any event, McGee does not offer any compelling reason to believe a motion for new trial on this basis would have been granted, and we see no merit in the claim from our own review of the record. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) ("[A] district court may invoke its power to grant a new trial on the ground the verdict was contrary to the weight of the evidence only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered."). As a result, we see neither breach nor

prejudice. And we reject McGee's related challenge urging appellate counsel was ineffective for not raising this claim for the same reason—with the additional hurdle that the claim was unpreserved. We give significant deference to appellate counsel's choice of issues on appeal. *See Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998) ("Selecting assignments to assert as grounds for reversal is a professional judgment call we are reluctant to second-guess."). And we conclude the postconviction court correctly denied relief.

### B. Newly Discovered Evidence

McGee next claims the postconviction court erred in denying his newly-discovered-evidence claim, essentially based on the same impeachment evidence already discussed. We review for correction of legal error. *More v. State*, 880 N.W.2d 487, 498 (Iowa 2016). McGee had the burden to prove four elements:

> (1) that the evidence was discovered after the verdict;
> (2) that it could not have been discovered earlier in the exercise of due diligence;
> (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and
> (4) that the evidence probably would have changed the result of the trial.

*Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991) (formatted for readability). In conducting this analysis, the supreme court has held newly discovered evidence that is "merely impeaching" is insufficient to warrant postconviction relief. *Moon v. State*, 911 N.W.2d 137, 152–53 (Iowa 2018).

Although McGee's claim faces difficulties on each of the last three prongs, we dispose of the claim primarily on the third element—materiality—because all the evidence at issue is merely impeaching. *See id.* And even if McGee could show materiality, we would also affirm denial of relief on the fourth element

because we conclude McGee cannot show that the evidence "probably would have changed the result of the trial." *See More*, 880 N.W.2d at 499 ("The standard for whether the evidence probably would have changed the result of the trial is a high one because of the interest in bringing finality to criminal litigation.").

## C. Actual Innocence

McGee's final contention is that he is actually innocent. To the extent this challenge raises constitutional questions, we review it de novo. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). This final claim has an even higher burden than McGee's assertions of ineffective assistance or newly discovered evidence. To succeed, McGee "must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). We agree with the postconviction court that McGee cannot meet this high evidentiary burden. If nothing else, McGee's admission at the postconviction trial that he ejaculated inside the victim after she told him not to is independently sufficient to support a conviction for sexual abuse in the third degree, and McGee admitted the girls' testimony about the firearm at the hotel room was truthful. We also note the trial record, regardless of any impeachment directed at the victim, still included some degree of corroboration for the events in the hotel room from the friend. McGee has not proven by clear and convincing evidence that no rational jury would have convicted him in light of all the evidence, and he is owed no relief.

**AFFIRMED.**